Mark S. Scheffer, Esquire
LAW OFFICES OF MARK S. SCHEFFER
Identification Nos. 59271
P.O. Box 111                                              Attorney for Plaintiff
Birchrunville, PA 19421
(610) 915-8351

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINDA WROBEL | : | CIVIL ACTION |
| | : | NO. |
| v. | : | |
| PNC BANK, NATIONAL ASSOCIATION | : | Jury Trial Demanded |
| and | : | |
| PNC FINANCIAL SERVICES GROUP, INC. | : | |

## COMPLAINT

1. Plaintiff, Linda Wrobel, is a citizen of the United States residing therein at 200 N Oakwood Ave, Willow Springs, IL 60480.

2. Defendant, PNC Bank, National Association, is Plaintiff's former employer and a wholly owned subsidiary of The PNC Financial Services Group, Inc., with its headquarters and/or principal place of business located at 620 Liberty Ave., Pittsburgh, PA 15222.

3. Defendant, PNC Financial Services Group, Inc., is the sponsor and administrator of the PNC Financial Services Group, Inc. Displacement Benefits Plan ("DBP"), a welfare benefit plan within the meaning of the Employee Retirement & Security Act, 29 U.S.C. §1001 et seq. ("ERISA").

4. The causes of action set forth in this Complaint arise under ERISA, the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. §260.1 et seq., and the common law of

Pennsylvania and/or Illinois.

5. The District Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1367. Venue is proper in this district pursuant to 29 U.S.C. §1132(e)(2), as Defendants do substantial business in this district and "may be found" here.

6. At all times material hereto, Defendants acted by and through its authorized agents, servants, workmen and/or employees acting in the course and scope of their employment with Defendant and in furtherance of Defendants' business.

7. At all times pertinent to this action Plaintiff worked for Defendants as a Private Client Group Relationship Manager in the Private Client Group ("PCG") program, working in a bank branch at 7351 Lemont Road, Downers Grove, Illinois 60516.

8. On or about June 11, 2018 Plaintiff was informed the PCG program was being eliminated, and that all employees in the group would be laid off or terminated.

9. In subsequent conference calls with Human Resources and/or the Regional Manager, Plaintiff and others employees in the PCG program who were affected were told that their last day of work would be September 28, 2018, and that if they worked up to that date and met the minimum qualification of $150,000 revenue credits, they would receive their 3rd quarter incentive pay.

10. On September 27, 2018 Plaintiff's Regional Manager, Cheryl Green, took Plaintiff and other affected PCG group employees out to lunch, and informed them that their employment with Defendants was over and they would no longer be working for Defendants. On or about September 28, 2018 Plaintiff and the other affected employees met with Branch Manager and Vice President, Daniel Residori, and turned in their laptops, badges, desk keys, and access ID cards, as instructed; their employment with Defendants ended that day.

11. As a result of the elimination of the PCG program and their "displacement," Plaintiff

and the other affected employees became participants in the DBP.

12. Under the DBP, Plaintiff would be entitled to payment of DBP benefits including a DBP payment of $12,692.31.

13. In order to be eligible for the DBP benefits including the DBP payment, Plaintiff and the other employees were required to sign a separation agreement, which included as consideration a release of claims with regard to the termination of employment.

14. The separation agreement was not to be signed until on or after a "Displacement Date," which in this instance was October 12, 2018, and was to be returned within five (5) calendar days (in this instance, by October 17, 2018) of the "Displacement Date."

15. Plaintiff signed the separation agreement on October 12, 2018 and returned it as requested by shipment via Federal Express on October 13, 2018.

16. On or about October 16, 2018 Plaintiff received a letter from Margaret Alvarez, Senior Employee Relations Investigator, indicating that "PNC" had "terminated" her employment "effective October 12, 2018" for allegedly "violating PNC's Conflict of interest policy as it relates to your outside employment and for dishonesty when you prepared, notarized and back dated a bank document," and informing Plaintiff that "your involuntary termination from employment makes you ineligible to receive benefits under PNC's Displacement Benefits Plan."

17. The asserted grounds for Plaintiff's "involuntary termination" are pretextual and asserted for the purpose, and with the intent, of depriving Plaintiff of benefits she is otherwise entitled to under the DBP.

18. Plaintiff's employment had already been terminated by PNC on September 28, 2018, and Plaintiff, as other employees affected by the elimination of the PCG group, had been encouraged and supported in their efforts to begin other employment as soon as possible after that

date by, for example, VP and Branch Manager Daniel Residori, who wrote letters of recommendation for Plaintiff.

19. Plaintiff also did not prepare the referenced loan documents, which were prepared by the Loan Department, and she was not the banker involved in the loan transaction (which had occurred months earlier in April of 2018) with the customer at issue. The transaction had involved two prior closings that had been done in error by the banker. Plaintiff merely dated and notarized the documents as instructed by her supervisor, Mr. Residori, and in accordance with instructions from an email from the Consumer Lending Department indicating that the loan documents should be resigned and notarized with the original dates when the customer came in to close the transaction the third time.

20. Defendants have denied Plaintiff her DBP benefits and pay.

21. Additionally, as an employee separated from employment as a result of a work restructuring plan that included displacement benefits, Plaintiff was eligible for receiving her 3rd quarter incentive pay, which in her case was approximately $5500, under Defendants' Branch Banking Incentive Plan; indeed, as indicated above, Plaintiff was also told that she was eligible for the incentive pay.

22. Defendants have refused to pay Plaintiff her 3rd quarter incentive pay.

23. As a direct and proximate result of Defendants' wrongful conduct set forth above, Plaintiff has suffered a loss of income, and incurred attorneys' fees and costs.

COUNT I – ERISA (29 U.S.C. §1132(a)(1)(B))

24. Plaintiff incorporates herein by reference paragraphs 1 through 23 above as if set forth herein in their entirety.

25. Defendants have denied Plaintiff benefits to which she was entitled under ERISA,

and have thereby violated 29 U.S.C. §1132(a)(1)(B).

26. As a direct and proximate result of Defendant's violation of ERISA, Plaintiff has suffered the injuries and losses set forth above.

<u>COUNT II – ERISA (29 U.S.C. §1140)</u>

27. Plaintiff incorporates herein by reference Paragraphs 1 through 23 above as if set forth herein in their entirety.

28. Defendants, by the above wrongful acts, have violated 29 U.S.C. §1140.

29. As a direct and proximate result of Defendants' violation of ERISA, Plaintiff has sustained the losses set forth above.

<u>COUNT III-WPCL</u>

30. Plaintiff incorporates herein by reference Paragraphs 1 through 23 above as if set forth herein in their entirety.

31. Defendants, by the above wrongful acts, has violated the WPCL, which subjects Defendants to liquidated damages.

32. As a direct and proximate result of Defendants' violation of the WPCL, Plaintiff has sustained the losses set forth above.

<u>COUNT IV-BREACH OF CONTRACT</u>

33. Plaintiff incorporates herein by reference Paragraphs 1 through 23 above as if set forth herein in their entirety.

34. Plaintiff had a contractual entitlement to DPB benefits and/or her incentive pay, and by failing to make payments to Plaintiff of her DPB benefits and/or her incentive pay, Defendants have also committed a breach of contract.

35. As a direct and proximate result of Defendants' breach of contract, Plaintiff has

incurred the loss of her DBP pay and her incentive pay.

## RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants:

(a) Declaring Defendants' actions to be in violation of ERISA;

(b) Awarding compensatory damages to Plaintiff to make Plaintiff whole for all income loss Plaintiff has suffered as a result of Defendants' wrongful conduct;

(c) Awarding Plaintiff's costs of this action, together with reasonable attorney's fees;

(e) Awarding Plaintiff such other damages as are appropriate under ERISA and the WPCL, such as liquidated damages under the WPCL; and,

(g) Granting such other and further relief as the court deems appropriate.

Respectfully submitted,

/s/ Mark S. Scheffer
Mark S. Scheffer, Esquire
LAW OFFICES OF MARK S. SCHEFFER
P.O. Box 111
Birchrunville, PA 19421
(610) 915-8351

Attorney for Plaintiff